**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **JOHNATHAN NICHOLSON,** | ) | **CASE NO. 1:13CV2535** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **CHRISTOPHER LAROSE, Warden,** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Johnathan Nicholson's Petition
under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF
#1).  For the following reasons, the Court accepts and adopts the Magistrate Judge's
Report and Recommendation and denies Petitioner's Petition.

**FACTS**

The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's
Report and Recommendation, adopted and incorporated, provides a more complete and
detailed discussion of the facts.

1

In January 2008, the Cuyahoga County Grand Jury issued an Indictment charging Petitioner with four counts of Aggravated Murder, four counts of Aggravated Robbery and one count of Attempted Aggravated Murder.  All counts carried one and three year Firearm Specifications.  In addition, the Aggravated Murder counts carried two felony Murder Specifications and two Mass Murder Specifications.  Petitioner underwent a psychiatric evaluation to determine his competency to stand trial and his sanity at the time of the offenses and was found to be both competent and sane.  After the trial court began voir dire, Petitioner withdrew his not guilty plea and pled guilty to two counts of Aggravated Murder, four counts of Aggravated Robbery and one count of Attempted Aggravated Murder.  All Specifications were deleted from these charges and the remaining counts were nolled.

On January 22, 2009, the trial court sentenced Petitioner to an aggregate term of 50 years to Life with no chance for parole.  On April 28, 2009, Petitioner filed a Notice of Appeal with the Court of Appeals for the Eighth Appellate District.  On September 21, 2009, the Court of Appeals *sua sponte* dismissed the Appeal for failure to file a brief. On March 17, 2011, Petitioner filed a *pro se* Application for Reopening Pursuant to Ohio Appellate Rule 26(B).  On May 9, 2011, the Court of Appeals *sua sponte* converted Petitioner's Application for Re-opening into an Application for Reconsideration under Ohio App. Rule 26(A), and granted it.  New appellate counsel was appointed and invited to file a Motion for Leave to File a Delayed Appeal.

On June 6, 2011, Petitioner filed a Motion for Leave to file Delayed Appeal.  The Motion was granted on June 20, 2011.  Two days later, on June 22, 2011, Petitioner filed a Motion to Voluntarily Dismiss Delayed Appeal.  The Court of Appeals granted

2

Petitioner's Motion on June 27, 2011.  Meanwhile, on April 4, 2011, Petitioner had filed

a *pro se* Motion to Withdraw Guilty Plea in the trial court.  On December 27, 2011, the

trial court denied Petitioner's Motion to Withdraw Guilty Plea.  Petitioner appealed and

on October 4, 2012, the Court of Appeals affirmed the trial court's denial of Petitioner's

Motion.  On November 19, 2012, Petitioner filed a Notice of Appeal to the Supreme

Court of Ohio.  On February 20, 2013, the Supreme Court declined to accept

jurisdiction.

On December 24, 2012, Petitioner filed an Application for Re-opening Pursuant

to Ohio App. R. 26(B), seeking to reopen the Appeal from the denial of his Motion to

Withdraw Guilty Plea.  On April 26, 2013, the Court of Appeals denied Petitioner's

Application.  On May 28, 2013, Petitioner appealed to the Supreme Court of Ohio.  On

July 24, 2013, the Supreme Court declined to accept jurisdiction.

Petitioner filed the instant Petition on November 15, 2013, asserting the following

grounds for relief:

> **GROUND ONE:** THE TRIAL COURT IN VIOLATION OF PETITIONER'S RIGHT UNDER THE UNITED STATES AND OHIO CONSTITUTION, ERRED WHEN IT DENIED APPELLANT['S] MOTION TO WITHDRAW HIS GUILTY PLEA.
>
> **GROUND TWO:** THE TRIAL COURT, IN VIOLATION OF APPELLANT['S] RIGHT UNDER THE UNITED STATES AND OHIO CONSTITUTION, ERRED WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WITHOUT HOLDING A HEARING.
>
> **GROUND THREE:** A TRIAL COURT CONSIDERING A DEFENDANT'S POST-SENTENCING MOTION TO WITHDRAW A GUILTY PLEA THAT IS PREMISED UPON EVIDENCE NOT AVAILABLE TO THE TRIAL JUDGE AT THE TIME THE PLEA WAS ENTERED, SHOULD CONDUCT AN EVIDENTIARY HEARING ON THE MOTION IF THE MOTION SETS FORTH ALLEGATION THAT, IF PROVEN TO BE TRUE, WOULD ESTABLISH THAT THE PLEA SHOULD BE WITHDRAWN TO CORRECT A MANIFEST INJUSTICE.

**GROUND FOUR:** APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF APPELLANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN COUNSEL ADVISED APPELLANT TO PLEAD GUILTY TO AGGRAVATED ROBBERY CHARGES AND AGGRAVATED MURDER CHARGES ALTHOUGH CO-DEFENDANT FRANCO STEPHENS HAD ALREADY BEEN ACQUITTED OF THOSE CHARGES FOR LACK [OF] SUFFICIENT EVIDENCE RENDERING APPELLANT'S PLEA NOT KNOWINGLY, VOLUNTARILY AND/OR INTELLIGENTLY MADE.

On November 20, 2013, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on January 8, 2015. On March 2, 2015, Petitioner filed his Objection to the Magistrate's Report and Recommendation.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are

4

presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004).  Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

In Grounds One, Two and Three, Petitioner contends his due process rights were violated when the state trial court denied his Motion to Withdraw Guilty Plea without an evidentiary hearing.  Respondent asserts that these grounds are not cognizable in federal habeas corpus.

The Magistrate Judge correctly points out that to the extent Petitioner claims he is entitled to relief because the trial court erred under Ohio law in denying his Motion to Withdraw Guilty Plea without a hearing, Petitioner raises a state law issue that is not cognizable in these federal habeas proceedings.  *See, e.g., Xie v. Edwards*, 1994 WL 462143 at * 2 (6th Cir. Aug. 25, 1994) (holding that "the district court properly found that whether the trial court abused its discretion in denying Xie's motion to withdraw his plea is a question governed by Ohio's statutes and case" and, therefore, "cannot support federal habeas relief absent a showing that the alleged error rendered the proceedings fundamentally unfair").  *See also Johnson v. Warden, Lebanon Correctional Institution,* 2014 WL 935222 at * 4 (S.D. Ohio March 10, 2014);  *Rice v. Welch*, 2014 WL 4794585 at * 23 (N.D. Ohio Sept. 23, 2014);  *Schmidt v. Coleman*, 2012 WL 5878856 at * 11 (N.D. Ohio Oct. 29, 2012);  *Dickey v. Warden, Lebanon Correctional Inst.*, 2010 WL

92510 at * 7 (S.D. Ohio Jan. 6, 2010).

Petitioner asserts in his Traverse that the denial of his Motion to Withdraw Guilty Plea violated his federal constitutional rights because his plea was not knowingly, voluntarily or intelligently made.  The Magistrate Judge thoroughly reviewed the plea colloquy and determined that the trial court outlined the terms of Petitioner's plea and agreed sentence, explained to Petitioner the constitutional rights he would be relinquishing, and confirmed that he understood those rights.  The trial court also expressly confirmed that Petitioner, despite being medicated, was able to understand all the proceedings.  The Magistrate Judge points out that Petitioner gave a lengthy and articulate statement at the conclusion of the proceedings in which he expressed remorse for his actions and hope that someday he would be able to make amends with the victims' families.

Petitioner argues that his plea was not knowing, intelligent or voluntary because counsel allegedly failed to inform him of his co-defendant's reversal on appeal. Petitioner contends that he would have been acquitted at trial because the evidence was the same for both of them and that counsel should have informed him so that he could have proceeded to trial.  The Magistrate Judge found that argument without merit and shows that the roles of Petitioner and his co-defendant in the incident were very different.  Petitioner left the scene, retrieved a gun, returned to the scene and shot two individuals.  The co-defendant did not have the same level of involvement and may have been partly incapacitated during the incident.  The Magistrate Judge concluded that Petitioner's argument that knowledge of the co-defendant's acquittals would have necessarily induced him to proceed to trial and thus potentially face the death penalty is

6

not persuasive.

The Court agrees with the Magistrate Judge that the denial of Petitioner's Motion to Withdraw Guilty Plea was not an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented.  Therefore, Grounds One, Two and Three are denied.

In Ground Four, Petitioner contends that he was denied effective assistance when defense counsel advised him to plead guilty to Aggravated Murder and Aggravated Robbery charges, despite the fact that his co-defendant had already been acquitted of those charges for lack of sufficient evidence.  Respondent asserts that this claim is procedurally defaulted because Petitioner did not raise this claim on direct review, abandoned it by failing to raise it on appeal following the trial court's denial of his Motion to Withdraw Guilty Plea and has failed to establish cause and prejudice to excuse the default.

In the Report and Recommendation, the Magistrate Judge found that it is unnecessary to address the procedural default and reviewed the claim on the merits. The United States Supreme Court has observed that federal courts are not required to address a procedural default issue before deciding against a petitioner on the merits. *Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997).  The Sixth Circuit has also approved this rule where the procedural default question is complicated and unnecessary to the court's determination of the case. *See Hudson v. Jones*, 351 F.3d 212, 215–16 (6th Cir. 2003); *accord Swanigan v. Sherry*, 502 Fed. App'x 544,546 (6th Cir. 2012).

In this case, the Magistrate Judge points out that where a guilty plea is entered

7

upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).  "[T]he Supreme Court has held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Carley v. Hudson*, 563 F.Supp.2d 760, 771 (N.D. Ohio 2008) (citing *Hill v. Lockhart*, 474 U.S. at 58).  Under *Strickland*, a petitioner must demonstrate the following: (1) "counsel's representation fell below an objective standard of reasonableness;" and, (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Although Petitioner contends that he would not have pled guilty but for counsel's ineffective assistance, the trial court engaged in a lengthy plea colloquy with Petitioner as set forth above.  The trial court confirmed that Petitioner understood the terms, conditions and consequences of his guilty plea and expressly asked Petitioner whether he had been coerced or threatened in regard to his plea.  Petitioner said that he had not and did not express any concerns or dissatisfaction with his representation at any point during the change of plea proceedings.

In his Objection to the Magistrate's Report and Recommendation, Petitioner contends that counsel was professionally unreasonable when stipulating to the mental health evaluation and the effect of the medications.  The Magistrate Judge shows that the trial court expressly confirmed that Petitioner was able to understand the

8

proceedings despite his medications.  Petitioner affirmatively stated that he understood and gave no indication that he was having difficulty concentrating or that his medication otherwise impacted his ability to comprehend the proceedings.

The Court agrees with the Magistrate Judge that it was not objectively unreasonable for defense counsel to recommend that Petitioner plead guilty, thus avoiding the death penalty, despite the fact that the co-defendant had a more favorable result.  As noted, the roles of the two participants in the incident were very different. Petitioner has provided no factual basis for vacating his sentence.  In the absence of facts beyond mere conclusory allegations, the Court finds Petitioner has failed to meet his burden under *Strickland* showing his attorney's performance was objectively unreasonable.  Therefore, Ground Four is denied.

For the foregoing reasons, the Court  **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody**,** the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).


IT IS SO ORDERED.

s/Christopher A. Boyko

Date:4/17/2015

CHRISTOPHER A. BOYKO
United States District Judge